# United States District Court

**District of Minnesota**

UNITED STATES OF AMERICA
v.
**MICHAEL THOMAS DONOHOE**
**AMENDED ORDER - Pgs. 5 & 6**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **02-CR-230(6)(JMR/FLN)**
**Robert D. Sicoli**
Defendant's Attorney

## THE DEFENDANT:

[] pleaded guilty to count(s): .
[] pleaded nolo contendere to counts(s) which was accepted by the Court.
[x] was found guilty on Counts 1, 34, 35, 36, and 37 after a plea of not guilty.
**Accordingly**, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. 7202, 7206(1); and 18 U.S.C. 371 and 1341 | Conspiracy to Defraud the IRS; to Willfully Fail to Account for or Pay Tax; to Willfully Subscribe to Materially False IRS Federal Tax Returns; and to Commit Mail Fraud, | | 1 |
| 26 U.S.C. 7206(1) | Filing False Tax Returns | | 34 |
| 18 U.S.C. 1341 | Mail Fraud | | 35-37 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[x] The defendant has been found not guilty on counts 39 and 40 .
[x] Count 38 is dismissed on the motion of the United States.

Special Assessment Amount $500.00 in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **January 15, 1963**
Defendant's USM No.: **10586-041**

Defendant's Residence Address:
**2161 100th Street**
**Somerset, WI 54025**
Defendant's Mailing Address (if different from residence address):

**4/29/04**
Date of Imposition of Judgment

Signature of Judicial Officer

**JAMES M. ROSENBAUM**, Chief United States District Judge
Name & Title of Judicial Officer

April 27th, 2005
Date

**Nunc Pro Tunc: June 1, 2004**

A true copy in _____ sheet(s)
of the record in my custody.
Certified _________, 2004
by ______________
Deputy Clerk

SCANNED
Richard D. Sletten, Clerk
Judgment Entd
APR 28 2005
Deputy Clerk
U.S. DISTRICT COURT ST. PAUL

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment

DEFENDANT: MICHAEL THOMAS DONOHOE
CASE NUMBER: 02-CR-230(6)(JMR/FLN)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months on each count to be served concurrently**.

[x] The Court makes the following recommendations to the Bureau of Prisons:
**Defendant be designated to the federal correctional facility in Waseca, MN, or Duluth, MN. Defendant participate in the 500-hour Residential Drug Treatment Program.**

[] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

[x] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[x] as notified by the United States Marshal. If defendant has not been designated to a facility by May 27, 2004, defendant is to report to the United States Marshal's Service in this district by 2 pm on that date.
[] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

________________________________________

________________________________________

________________________________________

Defendant delivered on ________________ to ____________________

at ____________________, with a certified copy of this Judgment.

____________________
UNITED STATES MARSHAL

By ____________________
Deputy U.S. Marshal

DEFENDANT: MICHAEL THOMAS DONOHOE
CASE NUMBER: 02-CR-230(6)(JMR/FLN)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[] The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

[x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL THOMAS DONOHOE
CASE NUMBER: 02-CR-230(6)(JMR/FLN)

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d The defendant shall be required to undergo mandatory drug testing and after care as directed by the probation office.

e The defendant shall provide the probation officer access to any requested financial information.

f The defendant shall cooperate with the IRS to pay all outstanding taxes, interest, and penalties.

g The defendant shall be prohibited from incurring any new charges or opening additional lines of credit without the approval of the probation officer.

DEFENDANT: MICHAEL THOMAS DONOHOE
CASE NUMBER: 02-CR-230(6)(JMR/FLN)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Fine | Restitution |
|---|---|---|
| Totals: | **$0.00** | **$179,885.33** |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

[x] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**
**Douglas G. Radtke, Scott C. Radtke, with Rita A. Galston only liable for first $7,500 of total amount $179,885.33**

| Name and Address of Payee | **Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Wilson McShane, 2850 Metro Drive, Bloomington, MN, as overseer of the Carpenters and Joiners Fringe Fund, to be distributed in accordance with the Collective Bargaining Agreement. | $132,012.30 | $132,012.30 | |
| Berkeley Risk Administrator's Company, LLC, 222 South Ninth Street, Minneapolis, MN | $47,873.03 | $47,873.03 | |
| | | | |
| TOTALS: | $179,885.33 | $179,885.33 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[] If applicable, restitution amount ordered pursuant to plea agreement $.

[] The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[x] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[x] The interest requirement is waived for the [x] fine and/or [x] restitution

[] The interest requirement for the: [] fine and/or [] restitution is modified as follows:

DEFENDANT: MICHAEL THOMAS DONOHOE
CASE NUMBER: 02-CR-230(6)(JMR/FLN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [x] Payment of **$179,885.33** due and payable immediately

B [] Lump sum payment of $ due immediately, balance due

[] not later than , or
[] in accordance with [] C, [] D, [] E below; or

C [] Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

D [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the date of this judgment; or

E [x] Payment in **monthly** installments of **$100.00** over a period of **2 years**, to commence **30 days** after the release from imprisonment to a term of supervision; or

F [x] Special instructions regarding the payment of criminal monetary penalties:
**Defendant shall make either quarterly installments of $25 if working non-UNICOR, or a minimum of 50% of monthly earnings if working UNICOR during his incarceration.**

Unless the court has expressly ordered otherwise in the special instructions above, if this Judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, unless otherwise directed by the court, probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**
**Douglas G. Radtke, Scott C. Radtke, with Rita A. Galston only liable for first $7,500 of total amount $179,885.33.**

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court costs(s):

# FORFEITURE

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) non-government restitution principal, (3) government restitution principal, (4) restitution interest, (5) fine principal, (6) fine interest, (7) penalties and costs, including costs of prosecution and court costs, (8) forfeiture